ALICE A. HONEYCUTT AND JOHN W. HONEYCUTT,
Respondents, v. ST. LOUIS, IRON MOUNTAIN AND
SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1890.

1. **Laws:** CONSTRUCTION : TIME OF TAKING EFFECT. Under section 16 of the act of 1889, "declaratory of the Revised Statutes," the law of 1889, changing the time for the holding of the circuit court of Wayne county, took effect as to all its provisions, and not merely as to that providing for such change, ninety days after the adjournment of the legislature.

2. **Practice, Appellate:** ASSIGNMENT OF ERRORS. Errors may be assigned by brief, but it is the duty of the appellant to specifically point out the errors complained of, and a general assignment of error, applicable as well to one as to another of a number of different rulings of the trial court, is insufficient. *Held,* accordingly, that an assignment, that "the court erred in admitting illegal, improper and irrelevant evidence offered by the plaintiffs against the defendant's objections," was insufficient, the record disclosing a number of exceptions to rulings of this kind.

3. ——— : ———. If an assignment of errors be made by brief, it is improper to throw together a number of alleged errors of different kinds in a single paragraph, and to cite authorities *en masse* under it. Each alleged error should be separately assigned, and the authorities relied upon in support of it should be cited separately in connection with it.

4. ——— : WEIGHING THE EVIDENCE. In an action at law an appellate court has nothing to do with the mere weight and preponderance of the evidence, and an assignment of error, that "the verdict was manifestly against the weight and preponderance of the evidence," is not a specification of error which is assignable in such an action in this court.

5. ——— : REVIEWING FINDING OF DAMAGES. Although an award by the jury in an action for personal injuries may seem large, it cannot be interfered with by an appellate court, unless it is so large as plainly to show passion, prejudice or a disregard of the evidence by the jury. And *held* that interference was not warranted in this case, the verdict therein being for twenty-two hundred and fifty dollars for injuries to the right hand of the plaintiff.

Honeycutt v. The St. Louis, I. M. & S. Ry. Co.

6. **Practice, Trial:** PRESERVATION OF EXCEPTIONS BY MOTION FOR NEW TRIAL. Exceptions taken to the refusal of the trial court to check improper remarks of counsel to the jury, upoh due objections thereto, are lost, if the objection thereto be not renewed by motion for new trial.

*Appeal from the Wayne Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Benton & Edgar,* for the appellant.

(1) The law transferring Wayne county from the twenty-third judicial circuit to the twenty-sixth judicial circuit had not gone into effect at the time of the trial of this case, and the court as organized had no jurisdiction to try the same and erred in overruling defendant's motion to continue. The laws of 1889 went into effect on the first of November and not the twenty-second of August. Sec. 3154 ; Declaratory Act, sec. 16 ; R. S. 1879, sec. 3149. (2) The court erred in admitting illegal, improper and irrelevant evidence offered by the plaintiff against the defendant's objection. *Kenney v. Railroad,* 70 Mo. 251 ; *Coale v. Railroad,* 60 Mo. 227. (3) The court erred in not sustaining the defendant's motion for a new trial, because the verdict was manifestly against the weight and preponderance of the evidence ; against instructions of the court; excessive and manifestly the result of prejudice and sympathy ; and was not reached by a fair application of the law to the facts. *Spohn v. Railroad,* 87 Mo. 84; *Baker v. Stonebraker's Adm'r,* 36 Mo. 345 ; *Price v. Evans,* 46 Mo. 396 ; *Herring v. Railroad,* 57 Ill. 59 ; *Reid v. Peidmont,* 58 Mo. 429 ; *Campbell v. Hood,* 6 Mo. 216 ; *Carroll v. Paul,* 16 Mo. 240. (4) The court erred in refusing to rebuke counsel for its ill-advised and ill-tempered language used during the progress of the production of

the evidence calculated to inflame the passion and prejudice of the jury. *Holliday v. Jackson*, 21 Mo. App. 669. ( 5 ) The court erred in the instructions given to the jury on its own motion.

*Dinning & Byrns*, for the respondents.

( 1 ) The circuit court of Wayne county had jurisdiction to hear and determine this case; hence it committed no error in overruling defendant's motion to continue. Session Acts, 1889, sec. 2, p. 67. Section 1140, Session Acts, 1889, went into effect twenty-second of August. Acts, 1889, sec. 1170, p. 68 ; sec. 3154 ; R. S. of Mo. 1879, sec. 3149, being R. S. 1889, sec. 6595 ; Constitution of Mo., sec. 36 of art. 4 ; Laws declaratory of the Revised Statutes, sec. 16, p. 149 ; Laws of Missouri, 1889 ; R. S. 1879, sec. 3129, being R. S. 1889, sec. 6574 ; R. S. 1879, sec. 3131, being R. S. 1889, sec. 6576 ; R. S. 1879, sec. 3132, being R. S. 1889, sec. 6577. ( 2 ) The court committed no error in the admission of evidence. ( 3 ) The presumption in this case is, that the plaintiff was injured by the negligence of the defendant, and the *onus* was on defendant, by satisfactory proofs, to establish that there had been no negligence whatever, and that the damage or injury had been occasioned by inevitable casualty, or by some cause which human care and foresight could not prevent. *Lemon v. Chanslor*, 68 Mo. 340, and authorities therein cited ; *Daugherty v. Railroad*, 97 Mo. 661 ; 1 Thompson on Neg., p. 46 ; Shear. & Redf. on Neg., sec. 280 ; *Edgerton v. Railroad*, 38 N. Y. 227 ; *Gilson v. Railroad*, 76 Mo. 287 ; *Leslie v. Railroad*, 88 Mo. 50 ; *Carroll v. Railroad*, 88 Mo. 252 ; *Hipsley v. Railroad*, 88 Mo. 352 ; *Wilkerson v. Railroad*, 26 Mo. App. 152.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages by Mrs. Honeycutt ( with whom her husband is joined for conformity ), for

an injury received while a passenger on a train of the defendant, in consequence of the car in which she was riding becoming derailed at a switch.    The plaintiff had a verdict and judgment, and the defendant appeals.

I.   The first error assigned is that the circuit court of Wayne county had no jurisdiction to try the case at the time and place at which the court was held, because the law ( Acts of 1889, sec. 2, p. 67 ), by which Wayne county was transferred from the twenty-third to the twenty-sixth judicial circuit, did not take effect until the first day of November, 1889.    This point is not well taken.   The statute just cited not only transferred Wayne county from the twenty-third to the twenty-sixth judicial circuit, but it also *changed the time* of holding the circuit court of Wayne county ; and section 16 of the act of 1889, "declaratory of the Revised Statutes" ( Laws of 1889, p. 149 ), provides that "acts changing the time of holding courts shall take effect in ninety days after the adjournment of this session of the legislature."   This clause refers to the entire acts and not to parts thereof.   The act first cited changed the time of holding the circuit court of Wayne county, from the third Mondays of May and November at Greenville, and the fourth Mondays of May and November at Piedmont, as fixed by the act of April 5, 1887 ( Laws of 1887, p. 153 ), to the first Mondays of February and August at Greenville, and to the third Monday in March and fourth Monday in September at Piedmont.   Laws of 1889, p. 68.   This act, therefore, since it contained a provision changing the time of holding courts, went into effect in ninety days after the adjournment of the legislature in regard to all provisions contained in it.

II.   The next assignment of error is that "the court erred in admitting illegal, improper and irrelevant evidence offered by the plaintiffs against the defendant's objection."   The record shows that a number of exceptions were saved by the defendant to the

admission of evidence offered by the plaintiff. We do
not know which one of these exceptions the defendant
intends to bring to our attention by this general assign-
ment of error. It is the duty of counsel in assigning
errors to point out specifically the error complained of.
It is no part of the duty of an appellate court to make
a search of the record for possible errrors, much less,
under a general assignment of error, like this one, to
examine all the numerous rulings at the trial, to which
it might by possibility be supposed to relate. *McGarry
v. Railroad*, 36 Mo. App. 340, 345; *Schultz v. Moon*,
33 Mo. App. 329, 338.

III. The next assignment of error is "that the court
erred in not sustaining the defendant's motion for a
new trial, because the verdict was manifestly against
the weight and preponderance of the evidence; against
instructions of the court; excessive, and manifestly the
result of passion and sympathy; and was not a fair
application of the law to the facts." We take occasion
also to say that this is not an apt way to assign errors.
Several supposed errors are here thrown together into
one general assignment. To the whole paragraph seven
cases are cited; but to which supposed error each case
is cited, we cannot tell without examining all of the
cases. An assignment of errors is in the nature of a
pleading. We have always treated assignments of
error, when made in the printed statement and brief, as
sufficient. But when errors are so assigned, in order to
aid the court in its examination of them, each supposed
error should be separately assigned, and cases should
not be cited *en masse* to a collection of assignments of
error, but the cases to which counsel ask the attention
of the court, in connection with each assignment, should
be cited to that assignment. We shall, nevertheless,
treat these assignments of error as a general assignment,
with certain specifications, that the verdict is the result
of bias and prejudice.

Some of the specifications are such as cannot be assigned in appellate courts in this state, under well-settled principles. Such is the assignment that "the verdict was manifestly against the weight and preponderance of the evidence. Appellate courts have nothing to do, in actions at law, with the mere weight and preponderance of the evidence. Another is that it was not reached "by a fair application of the law to the facts." This assignment falls within the same category as the last. Appellate courts cannot take upon themselves the office of juries for the purpose of determining what is a fair application of the law to the facts. It is not pointed out in what respect the verdict is against the instructions of the court, and we fail to see that it is.

The damages awarded by the jury were twenty-two hundred and fifty dollars. The car in which the plaintiff was riding was derailed and turned over. The leaders of her right hand were cut, and her hand was stiffened and crippled. She also suffered severe pain and anguish. In the opinion of an expert witness who testified for her, her fingers were permanently disabled. The verdict seems large ; but it is a case where the jury necessarily have to give a round sum, and there is no rule of law by which we can determine what that sum should be. If the verdict is so large as plainly to show passion, prejudice or a disregard of the evidence on the part of the jury, it is our duty to set it aside, or to require a *remittitur ;* but we cannot say this in the present case.

IV. The next assignment of error is that "the court erred in refusing to rebuke counsel for its ill-advised and ill-tempered language, used during the progress of the production of evidence, calculated to inflame the passion and prejudice of the jury." This assignment of error fails, because the exception taken to the refusal of the court to rebuke counsel was not renewed in the motion for new trial. *Bevin v. Powell,* 11 Mo. App. 216. It is just to the court, and to the

counsel referred to, to add that, while the remark which was made by counsel, and which the court refused to rebuke, was an idle and hasty remark, not becoming the dignity and solemnity of a judicial trial, it was not calculated to inflame the passion or prejudice of the jury against the defendant.

V.   It is assigned for error that the court erred in the instructions given to the jury on its own motion, but no argument or suggestion is offered in support of this assignment.   These instructions seem to us to be strictly accurate and proper; and we may add that the court gave all the instructions requested by the defendant, and that the case seems to have been very fully and fairly submitted to the jury.

The judgment will be affirmed.   It is so ordered. All the judges concur.