The Scarritt Furniture Co. v. Moser & Co.

THE SCARRITT FURNITURE COMPANY, Appellant, v. N. M. MOSER & Co., Defendants; CONNECTICUT FIRE INSURANCE COMPANY, Garnishee, Respondent.

St. Louis Court of Appeals, March 8, 1892.

1. **Practice, Trial:** STIPULATION FOR EXTENSION OF TIME FOR FILING BILL OF EXCEPTIONS. Under section 2168 of the Revised Statutes, 1889, a stipulation by parties or their attorneys for the extension of the time for the filing of a bill of exceptions may be made at least during the vacation immediately succeeding the term at which the exceptions were taken—whether it may be made thereafter is not decided; and it may enlarge the time already allowed by a previous order of the court for the filing of such bill, and be made after the expiration of the period of extension provided for by such order.

2. **Attorneys:** IMPLIED AUTHORITY. An attorney has an implied authority to stipulate that the action, in which he appears, shall abide the result of another action, in which he is not engaged, and to which his client is not a party.

3. **Res Adjudicata:** GARNISHMENT. The plaintiff in a garnishment proceeding will in the absence of fraud be concluded by an adjudication of the question of the liability of the garnishee to the principal defendant in an action between such principal defendant and such garnishee, instituted prior to the service of the summons of garnishment.

4. **Practice, Appellate:** SPECIFICATION OF ERROR. An assignment of error that the most of the testimony of designated witnesses should have been excluded as privileged communications between attorney and client is not sufficiently specific in that it does not direct the court to any particular portion of the record, nor point out with distinctness the particular errors complained of, and it will, therefore, be disregarded.

*Appeal from the Lawrence Circuit Court.* — HON. M. G. McGREGOR, Judge.

AFFIRMED.

*W. Cloud, John B. Roeder* and *E. P. Johnson,* for appellant.

*George Hubbert,* for respondent.

THOMPSON, J.—The respondent, at the outset, raises the objection that the so-called bill of exceptions is no part of the record. The objection is predicated upon the fact that leave was given by order of court, dated the thirtieth of August, 1890, to file the bill of exceptions within sixty days from that date ; that no further entry of record was made in the case, but that on November 29, 1890,—which, it is perceived, is more than sixty days from that date,—the counsel engaged in the case filed with the clerk the following stipulation : " It is agreed and stipulated that the time for filing the bill of exceptions in the above-entitled cause is hereby extended for thirty days, so that the parties may file exceptions on or before the twenty-ninth day of November, 1890." Signed by the attorneys in the case. Indorsed as follows: " Filed November 29, 1890. W. H. Cecil, Clerk."

Counsel for the respondent, disregarding his own stipulation, cites a large number of cases, the holdings in which tend to show that, prior to the amendment of the statute, which took place with the revision of 1889, it was not competent for counsel, by a stipulation filed with the clerk out of term and out of time, so to speak, to enlarge the time allowed by an order of the court in term time for the filing of a bill of exceptions. Such, we concede, to have been the law prior to this amendment. But this amendment provides in express terms for the extending of the time by stipulation of counsel, such as that which was entered into here. It is as follows : " Such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may be extended

by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys, may *thereafter* in writing agree upon, which said agreement shall be filed by the clerk in said suit and copied into the transcript of record when sent to the supreme court or courts of appeals." R. S. 1889, sec. 2168. The word "thereafter," as last used, covers at least any time during the vacation immediately succeeding the term when the exceptions are taken. The facts of this case do not require us to decide whether it covers any time beyond that; and the date of the making of the stipulation, whether before or after the time allowed by the court in which to file the bill of exceptions, seems to be immaterial.

This brings us to the merits of the case. The plaintiff was a creditor of Miss N. M. Moser, doing business as N. M. Moser & Co., under a judgment obtained in the circuit court of Newton county, and had sued out an execution which had been returned no property. Under the execution the respondent in this case, the Connecticut Fire Insurance Company, and also the respondent in another case, tried together with this case and consolidated with this case for hearing in this court, namely, the German-American Insurance Company, were summoned as garnishees. The ground on which it was sought to charge them as garnishees was, that they had become indebted to Miss Moser for a loss which had taken place under policies of insurance issued by them respectively upon her property. At the time when these insurance companies were thus summoned as garnishees by the plaintiff, Miss Moser had brought action against them respectively in the circuit court of Jasper county.

Such being the *status* of the cases, counsel for the plaintiff and the garnishees entered into the following stipulation : "Now on this day comes the plaintiff, by

White & Clark, its attorneys, and both of the said garnishees, by George Hubbert, their attorney, and in open court agree and stipulate that the issue upon the interrogatories and answers of each and both of the garnishees herein shall await and abide the result of the action, previously instituted in this court against the said garnishees by the above-named defendants (being numbered 2968 and 2967), which said actions are now pending in the circuit court of Jasper county at Joplin, upon the same alleged cause of action mentioned in the proceedings herein. Wherefore it is so ordered by the court, and. the result of those cases shall determine the result of these respectively."

To this stipulation Miss Moser, the judgment debtor of the garnishment plaintiff, who had commenced the action on the policies of insurance, was not a party.

Thereafter such proceedings were had in the circuit court of Jasper county in the actions on the policies of insurance, as resulted in a judgment for the defendant in each case.

Thereafter at the May term of the circuit court of Newton county, 1890, the respondents as garnishees amended their several answers, setting up the adjudications of the circuit court of Jasper county in their favor upon the original causes of action, the policies of fire insurance, and also respectively filed motions for judgment of discharge in accordance with the stipulations above set out. At the same term the plaintiff took a change of venue to the circuit court of Lawrence county. In that court the plaintiff filed amended pleas denying the answers of the garnishee; denying the final determination and adjudication of the original actions of Miss Moser against the companies in favor of the garnishees in the circuit court of Jasper county, as alleged; denying that the stipulations were entered into between the plaintiff and the garnishees, or that the order was made by the court thereon as alleged in the answers; and averring that, by collusion and fraud

between the parties named in the stipulations, a judgment had been rendered in each of said original actions without a valid trial; that the trials in the original causes were mere pretenses for the purpose and with the intent to defeat, cheat and defraud the plaintiff in the collection of its claims; that the plaintiff was not a party to or bound by such judgments in the original cases; and that the judgments were procured in each case by the payment of $200 by the garnishee to Miss Moser.

To which denials the garnishees filed replies respectively denying their truth, except the issuing of the insurance policies and setting up among other things certain matters, which, if true, would constitute a valid defense to the recovery upon the policy, which we do not think it necessary to go into.

The issues thus raised were tried in the circuit court of Lawrence county, the judge sitting as a jury. At the conclusion of the evidence five declarations of law, tendered by the garnishees, were refused, and the following, on the court's own motion, was given: "The court declares the law to be that, notwithstanding the plaintiff and garnishee had entered into an agreement or stipulation of record that this proceeding should abide the result and be determined in accordance with the result of the trial and judgment of the case of the defendant against the garnishee, then pending on the policy of insurance, yet, if the judgment in favor of the garnishee on the suit of the defendant was obtained by fraud or fraudulent collusion, or compromise and agreement, or undertaking to pay defendant any sum of money on said policy, then such stipulations of record should be disregarded, and plaintiff should recover of garnishee the sum shown by the evidence to be due from, or promised or agreed to be paid, defendant by way of compromise or otherwise by garnishee."

The court then gave judgment in each case in favor of the garnishees, discharging them, and the plaintiff prosecutes this appeal.

I.  The first position taken by counsel for the appellant is that the stipulation above set out was simply intended to delay making up the issues in the garnishment cases until the chief actions had been disposed of, and that it should have been so construed by the court.   This is plainly untenable.   The stipulation concludes with the language that "the result of those cases shall determine the result of these respectively."

II.  The next contention is that the attorney, who then represented the garnishing creditor, had no implied authority so to stipulate, and this contention is founded on the argument that counsel in a case have no implied authority to stipulate that the case, for which counsel are retained, shall abide the result of another case, which is prosecuted by a different party and under control of different counsel.   We do not agree with this contention.   An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party.   *Thompson v. Pershing*, 86 Ind. 304, 310 ; 1 Thomp. Trials, sec. 191, and cases cited.

But it is quite immaterial whether the attorney then representing the garnishing creditor had such authority or not ; for the stipulation was merely in affirmation of what would have been the law without any stipulation at all.   A proceeding by garnishment is strictly a legal proceeding to reach legal credits.   *Beckham v. Carter*, 19 Mo. App. 596.   The garnishing creditor claims through *his* debtor, and, in the absence of fraud, can claim no higher right against the garnishee than his debtor could claim.   *McPherson v. Railroad*, 66 Mo. 103.   In the present cases these garnishees had the right to contest the question of their liability on the policies of insurance in the direct action which had been brought against them by the other party to those contracts of insurance, and they were not obliged to be

subjected to the expense of a double contest prosecuted by a creditor of such party. In the absence of fraud, these garnishment proceedings would, under the law, stand or fall with the principal action which had been brought by the beneficiary in the policies of insurance against the garnishees in the circuit court of Jasper county. After that cause had been determined in favor of the garnishees in that court, the only further question which could arise in the garnishment proceedings, on the theory most favorable to the garnishing creditor, was the question whether those judgments in favor of the garnishees had been brought about by fraud and collusion.

That question was tried by the circuit court sitting as a jury, and the court found against the conclusion of fraud. The declaration of law above set out shows that the court determined the question of fact upon views of law very favorable to the rights of the garnishing creditor. As the proceedings by garnishment were in the nature of actions at law, the finding of the court sitting as a jury, that there had been no fraud in the procurement of the judgment in favor of the garnishees in the principal cases in the circuit court of Jasper county, is conclusive, and cannot be reviewed in this court.

The only other point in the argument submitted by the appellant, which requires attention, is in the following language: " Most of the testimony of witnesses Craven and Harbison admitted in evidence should have been excluded as privileged communications between attorneys and client, and this judgment should be reversed for that reason." This assignment does not direct us to any particular portion of the record, nor point out with any distinctness the particular errors complained of. For this reason it will not be further considered. *Honeycutt v. Railroad*, 40 Mo. App. 674; *Martin v. Fox*, 40 Mo. App. 664; *Schultz v. Moon*, 33 Mo. App. 329; *Connoble v. Clark*, 38 Mo. App. 476.

This substantially disposes of the objections raised by the appellant, and renders it unnecessary to consider numerous other questions in support of the judgment below, raised by counsel for the respondent.

The respondent has made a motion for an allowance as garnishee for defending the appeal in this court, and has submitted evidence in support of the motion. It is ordered that the respondent be allowed for appearance and defending the appeal in this court the sum of $25.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.