THOMAS et al. v. NATIONAL BANK OF D. O. MILLS.

(Circuit Court of Appeals, Seventh Circuit. February 16, 1901.)

No. 628.

ACTION BY NATIONAL BANK—JURISDICTION—DECLARATION.

A suit in a federal court by a national bank located in another state will not lie where declaration fails to show diverse citizenship, and the record nowhere supplies the omission, as by Act July 12, 1892, § 4 (22 Stat. 163. c. 290), national banks were deprived of the right, by virtue of their national character, to sue in the federal courts.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

G. G. Willard, for plaintiffs in error.

A. W. Martin, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. This suit was brought by the defendant in error, a national bank, located at the city of Sacramento, Cal. The declaration fails to show the diverse citizenship necessary to the jurisdiction of the circuit court, and the record nowhere supplies the omission. The residence of the defendants (plaintiffs in error) is alleged, but that is not equivalent to an averment of citizenship. Parker v. Overman, 18 How. 137, 15 L. Ed. 318; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Everhart v. College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623; Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657. By the proviso of the fourth section of the act of July 12, 1882 (22 Stat. 163, c. 290), national banks were deprived of the right, theretofore possessed by virtue of their national character, to sue in the federal courts. The judgment below is reversed, with direction to dismiss the case without prejudice to another action, unless, in the discretion of the court, an amendment shall be made showing the jurisdiction.