EVANS v. FREEMAN et al.

(Circuit Court, E. D. Pennsylvania. January 26, 1907.)

No. 58.

1. NEW TRIAL—ORDER—REVOCATION—VERDICT—REINSTATEMENT.

Plaintiff sued two defendants for conspiracy, alleging that the injury was caused by defendants' joint deception. The verdict was rendered against one of the defendants alone, whereupon J., the other defendant, caused judgment to be entered in his favor. Thereafter a new trial was granted as against both defendants, and the judgment in favor of J. stricken, on the ground that the court erred in authorizing a verdict against one of the defendants alone, after which J. appealed and succeeded in reversing the order granting a new trial as to him; the Circuit Court of Appeals holding that damages could be recovered against one, notwithstanding the statement alleged an injury by defendants' joint deception. *Held,* that plaintiff was thereupon entitled to have the order granting a new trial as to the defendant charged stricken from the record, and the verdict reinstated.

2. SAME—JURISDICTION.

The court has a right to reinstate a verdict on a motion to reconsider an order awarding a new trial, and to set aside such order, after the cause has been set down for trial at several subsequent terms.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 334.]

At Law. Order granting a new trial revoked, and verdict reinstated. See 140 Fed. 419.

George T. Hunsicker, for plaintiff.

George P. Rich, for defendant Freeman.

John C. Swartley, for defendant James.

HOLLAND, District Judge. The plaintiff brought suit against the two defendants, alleging she was damaged by reason of a conspiracy entered into by them to fraudulently induce her to exchange her property, real and personal, for valueless equities in real estate in Philadelphia. On May 3, 1905, a verdict was rendered against Henry G. Freeman, Jr., alone for the sum of $7,273.33. The jury in their verdict made no mention of Wynne James, the other defendant, and he, assuming this to be a verdict in his favor, requested the clerk, on May 10, 1905, to enter judgment in his favor on the verdict, which was accordingly done. On May 6, 1905, Henry G. Freeman, Jr., filed a motion and reasons for a new trial, and on September 6, 1905, the court entered an order granting a new trial of the case as against both defendants, and directed that the judgment in favor of Wynne James, entered by the clerk, should be stricken from the record. From the order striking James' judgment from the record and awarding a new trial as to him, he took an appeal to the Circuit Court of Appeals, and on December 17, 1906, that court, in the case of Wynne James v. Regina Evans, 149 Fed. 136, reversed the order of the court below as to Wynne James. Whereupon the plaintiff, by her attorney, presented a petition asking this court to strike from the record the order granting a new trial as to Freeman and reinstate the verdict.

James was an attorney at law, and employed by the plaintiff for the purpose of effecting a cash private sale of her farm and personal property thereon. The cause of action set out in the statement in the case tried

was that Freeman and James "did fraudulently, deceitfully, maliciously, and unlawfully conspire, combine, and confederate and agree together to cheat and deprive plaintiff of her said real and personal property by effecting a fraudulent exchange thereof for a worthless equity in said house." This combination or conspiracy between plaintiff's attorney and Freeman to deceive her in the exchange of real estate is the cause or ground of this action or claim for damage. After the trial, the jury, under instructions that a verdict could be rendered against one or both defendants, rendered a verdict against Freeman alone. On a motion for a new trial, the trial court held that as James was an attorney for plaintiff, and in contemplation of law was the plaintiff herself in the transaction, and his knowledge her knowledge, and the alleged cause of damage the joint—not separate—acts of deception of her attorney and Freeman, it logically followed that both were guilty of the deceptive and fraudulent acts, or none were committed; but the jury found the acts complained of were committed, and the evidence clearly sustained that verdict. There was no claim in the statement that plaintiff was injured by any separate acts of deceit by either defendant. So that, upon the theory that as there was no claim of separate wrong done the plaintiff by either defendant, and the plaintiff could not be injured unless, in the language of the pleadings, the plaintiff's attorney conspired with Freeman to deceive her, the court granted a new trial on Freeman's motion, because of the instruction to the jury that under the pleadings the jury could find for plaintiff against one or both, and the jury found against Freeman alone.

The Circuit Court of Appeals, in Wynne James v. Regina Evans, supra, holds these instructions to the jury to be correct, and that the awarding of a new trial as to James for that reason was an abuse of discretion, and the order awarding a new trial and striking from the record the judgment in favor of James was reversed. Freeman, of course, was not before the Circuit Court of Appeals, and none of his rights were or could be affected. But this is a motion to reconsider the award of a new trial as to Freeman and reinstate the verdict against him. The Circuit Court of Appeals has said in effect that damages in this case can be recovered against one, notwithstanding the statement sets out the injury was caused the plaintiff by the joint deception. The evidence fully sustained the plaintiff's damage in accordance with the pleadings, and as the new trial was granted against both of the defendants for the same reason, and the Circuit Court of Appeals holds that for that reason the order should be reversed as to James, it follows that, for the same reason, the order granting a new trial as to Freeman must also be stricken from the record and the verdict reinstated. The court has this right on a motion to reconsider an order awarding a new trial. It has been held by the Supreme Court in Pennsylvania that an order allowing a new trial may be stricken off after the cause has been set down for trial at several subsequent terms. Troubat & Haly's Practice, § 768; Clouser v. Hill (Pa.) 33 Leg. Int. 297.

The order, therefore, awarding a new trial as to Freeman, entered September 6, 1905, should be, and the same is, hereby stricken from the record, and the verdict against said Freeman reinstated, with interest from this date.