## STOREY v. STOREY.

(District Court, W. D. Wisconsin. March 26, 1915.)

No. 93–A.

NEW TRIAL ☞165—"FINAL ORDER"—VACATING—EXPIRATION OF TERM.
     An order granting a new trial after verdict is interlocutory, not final,
     since it leaves the case undisposed of, and the parties still before the
     court, and. if erroneously granted, it may be set aside, even after the ex-
     piration of the term at which it was entered, and judgment rendered upon
     the verdict.
     [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 334, 335;
     Dec. Dig. ☞165.
     For other definitions, see Words and Phrases, First and Second Series,
     Final Order.]

At Law. Action by William Storey against Carroll L. Storey. A
verdict for the defendant was set aside, and new trial granted, and
after judgment for the plaintiff on his demurrer to the amended answer
had been reversed by the Circuit Court of Appeals, defendant moved
to set aside the order granting the new trial, and for judgment on the
verdict. Motion granted.

Gustavus Ohlinger, of Toledo, Ohio, and Richmond, Jackman &
Swansen, of Madison, Wis., for plaintiff.

Ole J. Eggum, of Whitehall, Wis., and L. W. Storey, of Toledo,
Ohio, for defendant.

SANBORN, District Judge. Action at law on promissory notes.
There was a verdict for defendant in 1912, finding that the notes were
intended merely as evidence of an advancement from plaintiff to de-
fendant (his son) out of his estate. The verdict was set aside on
February 24, 1913, and a new trial granted, on the ground that oral
evidence had been improperly admitted to vary or contradict the notes.
Plaintiff thereupon moved for a hearing on a demurrer to the amend-
ed answer of defendant, pleading that the notes were given and ac-
cepted as evidence of advancements, and no delivery thereof to give
them effect as such. The court permitted the demurrer to be heard,
and sustained it, upon which judgment for plaintiff was rendered.
On error the judgment was reversed, and the cause remanded for fur-
ther proceedings consistent with the opinion. A new trial was not
expressly directed. Storey v. Storey, 214 Fed. 973, 131 C. C. A. 269.
The case was thus restored to the position it occupied before the
judgment was rendered. Judgment for plaintiff having been reversed,

the case then stood for a new trial on the complaint and amended answer.

Defendant now moves for a rehearing of the order granting a new trial, for the vacation of such order, and for an order reinstating the verdict and judgment for defendant thereon. Plaintiff contends that the court has no power to vacate the order granting the new trial, on the ground that the same was made at the December term, 1912, more than two years before this application, and long after the expiration of that term, and of the term at which the judgment was rendered, but, if the order should be vacated, that no judgment on the verdict should be rendered; but plaintiff's motion for a new trial should be granted on grounds other than that decided by the Circuit Court of Appeals. Unless defendant's motions are granted, there must be a new trial.

*Can the order granting a new trial for an erroneous reason be vacated at a subsequent term, in the absence of any final judgment?* The rule applicable to final judgments and decrees is well known and of constant application. When a final judgment is entered, it may be vacated during the judgment term. However conclusive in its character, it is still under the control of the trial court, and may be amended, suspended, or vacated at any time up to the close of that term, but not afterwards, unless in some way carried over by proceedings during the judgment term. "Whatever parties are bound to take notice of at one term they must follow to the next, if they are not, in some appropriate form, dismissed from further attendance." Goddard v. Ordway, 101 U. S. 745, 751, 25 L. Ed. 1040. Steps must be taken during the judgment term, by motion or otherwise, to modify, amend, or correct them, or they will be beyond recall, except in a few instances. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. Having finally adjudicated on the rights of the parties, they are not before it at the next term, and the court has no further jurisdiction over them. Snyder v. Cox, 53 S. W. 263, 21 Ky. Law Rep. 796. Their attorneys cease to be such, except for enforcement of the judgment or its review. Brown v. Arnold, 131 Fed. 723, 67 C. C. A. 125. They do not represent their former clients on a motion after the term to modify or vacate a judgment, without new authority.

But these general and well-settled rules applying to judgments and decrees have no application to nonappealable interlocutory orders, proceedings, or verdicts not followed by a judgment or decree. Apart from any statutory rule, these may be reviewed, modified, or set aside after the term at which they were made, and until the rights of the parties have in some manner become fixed, and the term at which this occurs has passed. When a final determination has been made, and its term has ended, the case is not any longer pending, except to execute the judgment or decree. The parties are not before the court. "While the proceedings are in paper"—still in court—interlocutory proceedings are still in fieri. Standard Savings & Loan Ass'n v. Aldrich, 163 Fed. 216, 89 C. C. A. 646, 20 L. R. A. (N. S.) 393, deciding that an interlocutory order may be set aside at any time before the close of the term at which final decree is entered; Evans v. Freeman (C. C.)

149 Fed. 1020. A leading case on the subject is Belmont v. Erie Ry. Co., 52 Barb. (N. Y.) 637, where Judge Cardozo said:

"On this subject, Judge Clerke, in White v. Munroe, 33 Barb. (N. Y.) 654, in General Term, composed of himself and Judges Sutherland and Allen, says: 'A grievous wrong may be committed by some misapprehension or inadvertence of the judge, for which there would be no redress, if this power did not exist.' It is not necessary to multiply instances by way of illustrating the monstrous effects which would flow from the doctrine asserted by the plaintiffs. To guard against such results, the courts very early laid down the rule that the principle of res adjudicata, which prevents a matter being twice litigated, has no application to a mere interlocutory motion. So, in 1823, in Van Rensselaer v. Sheriff of Albany, 1 Cow. (N. Y.) 501, which was a motion to compel the sheriff to execute a deed, Chief Justice Savage, as the ground of his assent to the granting of the motion, said: 'Our decision is not res adjudicata.' See, also, Simson v. Hart, decided in 1816, 14 Johns. (N. Y.) 75, quoted infra. Again in the case of Snyder v. White, 6 How. Prac. (N. Y.) 321, Justice Welles says: 'I do not regard the decisions of the Circuit Court as at all in the way of the present application The decision of a motion is never regarded in the light of res adjudicata.' "

The reason of the rule is well expressed in the dissenting opinion in Snyder v. Cox, 53 S. W. 263, 21 Ky. Law Rep. 796:

"The orders of courts are divided into two classes, and but two: First, those that finally settle the rights of the parties, from which an appeal may be taken, or which may be pleaded as res judicata in another action; second, those orders made pending the action, before a final determination has been reached, which are called 'interlocutory orders.' After the term at which the first class of orders are entered, unless the power to do so has been in some way reserved, the court is without jurisdiction to modify them, because, having at the preceding term finally adjudicated upon the rights of the parties, they are not before it at the next term, and it has, therefore, no jurisdiction over them. But as to the second class of orders this principle cannot apply, the court having jurisdiction over the case and the parties, and not having settled their rights, according to the unanimous current of authority, may set aside any interlocutory order that he may make, at any time, in his discretion before final judgment. * * * It is conceded that an order granting a new trial is not a final order; but it is said that it is so far final that the court, after the term, has no power over it. No authority can be found, unless by statute, for such a distinction. If it exists, it must apply to other orders than those granting a new trial. But who can find in the whole course of judicial procedure any other order which is neither interlocutory nor final? What is there about an order granting a new trial to make it sui generis, and place it alone in a class to itself?"

Akerly v. Vilas, 3 Biss. 332, Fed. Cas. No. 120, in this district, before Judges Drummond and Hopkins, applies a similar rule.

Defendant also moves to have judgment entered in the verdict in his favor. To this he is entitled, because it was erroneous for the court to grant the new trial on the ground considered and held insufficient by the Circuit Court of Appeals, unless some other ground assigned by plaintiff for a new trial, either in his original motion or otherwise, is sufficient. Evans v. Freeman (C. C.) 149 Fed. 1020.

The order of February 24, 1913, granting a new trial for an insufficient reason, should be set aside; plaintiff to have until April 16, 1915, to give notice that he desires a new trial, and for that purpose will call up for hearing his motion of December 24, 1912. In default of such notice, judgment on the verdict is ordered, with costs.