CHRISTY, County Treasurer, et al. v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   May 1, 1916.)

No. 4295.

ATTORNEY AND CLIENT ⬤�söö86—POWER OF ATTORNEY—STIPULATION.

    While an attorney, by reason of his retainer, is not authorized to compromise his client's claim or confess judgment, a stipulation by attorneys for county, one of whom was the county attorney, admitting the existence of relevant facts, entered into without fraud, mistake, or collusion, but in good faith, to save expense, is valid and binding on the

county, though upon the facts found the court decided against the county.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 155–160; Dec. Dig. ☞86.]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Bill by R. L. Christy, as County Treasurer, and others, against the Atchison, Topeka & Santa Fé Railway Company. From a decree dismissing the bill (214 Fed. 1016), complainants appeal. Affirmed.

Allen M. Lambright, of Las Animas, Colo. (Willard B. Gordon, of Lamar, Colo., on the brief), for appellants.

Henry T. Rogers, of Denver, Colo., and Gardiner Lathrop, of Chicago, Ill. (Daniel B. Ellis, Lewis B. Johnson, Pierpont Fuller, and George A. H. Fraser, all of Denver, Colo., and S. T. Bledsoe, of Chicago, Ill., on the brief), for appellee.

Before HOOK, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

HOOK, Circuit Judge. This is a suit in equity by the county treasurer and board of county commissioners of Prowers county, Colo., to vacate a prior judgment at law obtained by the railway company for an invalid excess of taxes paid under protest. The trial court dismissed the bill as insufficient, and this appeal was taken.

The attack upon the prior judgment at law is because it proceeded upon a stipulation of facts signed by counsel for both parties, and, as claimed, that counsel for the county, one of whom was the county attorney, were not authorized to sign it. The bill does not charge fraud, mistake, or collusion, or disobedience of affirmative instructions. The question is simply one of the implied power of counsel for a litigant. The form of the stipulation was the customary one in such cases. The prefatory part recited that the parties agreed that certain matters afterwards set forth were true, and might without further proof be offered in evidence in the case subject to all proper objections as to competency, relevancy, or materiality, except that the stipulation was not the best evidence. The matters set forth consisted of statements in detail as to the railroad property outside and within the state and county and the values thereof; also of the methods, standards, and results of assessments locally made in the county, and of the acts of the state authorities in respect of the equalization and assessment of railroad property. In the concluding paragraph of the stipulation the right was reserved to either party to introduce other evidence. The stipulation is characterized in plaintiffs' bill as one to compromise the case and as a confession of judgment. With that as a premise, Holker v. Parker, 7 Cranch, 436, 3 L. Ed. 396, and United States v. Beebe, 180 U. S. 343, 21 Sup. Ct. 371, 45 L. Ed. 563, and other cases are cited to show counsel were without authority. It is not necessary to review the cases cited. In each there was a compromise of the matter in suit or a confession of judgment by counsel without other authority than that implied from a general retainer.

It is well settled that short of a compromise of a client's claim or a confession of judgment the authority of counsel in a case extends generally to all the customary incidents of litigation and embraces

all agreements, stipulations, and admissions appertaining to its conduct through the courts. Holker v. Parker, supra; Halliday v. Stuart, 151 U. S. 229, 14 Sup. Ct. 302, 38 L. Ed. 141; Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539; Stone v. Bank of Commerce, 174 U. S. 412, 19 Sup. Ct. 747, 43 L. Ed. 1028; Brown v. Arnold, 67 C. C. A. 125, 131 Fed. 723. And after judgment, though he cannot discharge it without payment, "his authority is complete to control the remedy which the law gives him to secure or collect the debt of his client." Rogers v. The Marshal, 1 Wall. 644, 651, 17 L. Ed. 714. The stipulation in question here was not a compromise or a confession of judgment. It was merely an agreement as to the existence of relevant facts entered into without fraud, mistake, or collusion, but in good faith, to save expense, and to facilitate the trial of the case. Though it resulted in a judgment against the county, neither party having offered further evidence, still the judgment was not by confession, but came from the court's application of the law to the facts before it. It is urged that the facts stipulated were contrary to the denials and averments of the answer of the county. Testimonial admissions of that kind are naturally addressed to issues joined by the pleadings, and make for or against the asserted stand of one of the parties. Were there no issues in the pleadings, there would be no occasion for proofs, and therefore none for stipulations dispensing with the formal presentation of evidence. The argument that the stipulation was inconsistent with the answer would, if tenable, condemn a long-established practice in the courts the propriety of which has rarely been questioned. Averments in pleadings are not of that dignity and sanctity that they must be adhered to at all events by counsel who prepared them.

The above conclusion disposes of the merits of the case, and it is therefore unnecessary to consider whether the bill of complaint is otherwise sufficient as a pleading.

The decree is affirmed.