## HICKS v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. New York.　April 16, 1926.)

**1. New trial ☞114—Judge who presided at trial under assignment held to have authority to entertain petition for new trial after expiration of term and period covered by his designation (Act Sept. 14, 1922, § 5 [Comp. St. § 985]; New York district rule 5).**

Judge, who under assignment presided at trial of cause in Southern district of New York, *held* to have authority, after expiration of the term and the period of his designation and his return to his home district, to entertain petition for new trial, in view of Act Sept. 14, 1922, § 5 (Comp. St. § 985), and New York district rule 5.

**2. New trial ☞143(1).**

Affidavits of jurors are incompetent to impeach their verdict.

**3. United States ☞52½, New, vol. 19A Key-No. Series—In action against United States Shipping Board Emergency Fleet Corporation for personal injuries, evidence that plaintiff was in defendant's employ held insufficient to go to jury (Act June 5, 1920, § 4 [Comp. St. § 8146¼aa]).**

In action against United States Shipping Board Emergency Fleet Corporation for personal injuries, proof that vessel bore metal plate with inscription that it was built for defendant *held* insufficient alone to go to jury on question whether plaintiff was in defendant's employ, in view of Act June 5, 1920, § 4 (Comp. St. §§ 8146¼aa), transferring property of defendant corporation to United States Shipping Board and registry of vessel in name of board.

At Law. Action by Thomas R. Hicks against the United States Shipping Board Emergency Fleet Corporation. On defendant's application for a new trial after judgment for plaintiff. New trial granted.

Edgar J. Treacy, of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Frederick H. Cunningham, of New York City, of counsel), for defendant.

DIETRICH, District Judge. Acting under assignment of the Chief Justice, I presided at the trial of the above-entitled cause

in the Southern district of New York. By a verdict rendered January 19, 1926, plaintiff was awarded damages in the sum of $25,000 for personal injuries alleged to have been suffered by reason of the defendant's negligence while he was in its employ as a seaman. Defendant promptly made application for a new trial, mainly upon the grounds that the evidence was insufficient and that the verdict was grossly excessive. On January 25th the motion was denied, upon the condition, however, that plaintiff remit one-half of the verdict. There was prompt compliance with the requirement, and on January 27, 1926, judgment was entered for $12,500. Subsequently, in March, defendant presented another petition, based in part upon affidavits tending to show irregularity in the conduct of the jurors and newly discovered evidence; the prayer being that the former order be vacated and that a new trial be granted. The present submission is upon this petition.

[1] In the meantime the term during which the judgment was entered, as well as the period covered by my designation, expired, and I returned to my home district. Notwithstanding these facts, it would seem that under section 5 of the Act of September 14, 1922 (42 Stat. 839 [Comp. St. § 985]), I have the authority to entertain the petition, and under standing rule 5 of the New York district the power continues notwithstanding a lapse of the term.

[2] The showing in respect to the alleged irregularity in the conduct of jurors, is made by affidavits of some of the jurors who tried the case. I do not think the conditions are such as to warrant departure from the general rule that affidavits of jurors are incompetent to impeach their verdict. For an authoritative statement of the rule, and also of the exceptions thereto, it will be sufficient to cite McDonald v. Pless, 238 U. S. 266, 35 S. Ct. 783, 59 L. Ed. 1300, and Mattox v. United States, 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917.

While the showing in respect to newly discovered evidence is not highly cogent, in view of all the circumstances I am inclined to yield to it. It is one of those cases where the defendant is necessarily under great difficulty in discovering and disclosing the real nature and extent of plaintiff's alleged injuries, and in rebutting his testimony, if it is false. It is not sufficient to say that I have already re-duced the verdict. That action was taken because of the view that, even assuming plaintiff's testimony to be true, the amount was highly excessive. If we had then had the showing now made, there is little room for doubt that I would have felt constrained to grant a new trial.

[3] I may add that, upon consideration of the law as it was brought to my attention in another case, after ruling on the first motion for new trial, I have for some time entertained the view that the evidence is insufficient to establish the material allegation that at the time of the accident plaintiff was in defendant's employ, and that therefore it was error to send the cause to the jury. The only proof offered by plaintiff upon the point was testimony that the vessel bore a metal plate, with an inscription to the effect that it had been built for the defendant. Constrained by a precedent arising within the district, but not without serious misgivings, I held this sufficient to make a prima facie case.

Subsequently, however, my attention was called to section 4 of the Act of June 5, 1920 (41 Stat. 990 [Comp. St. § 8146¼aa]), transferring all vessels and other property of the defendant corporation to the United States Shipping Board. True, under the terms of this act the defendant was empowered to continue to operate vessels under the direction and supervision of the board; but we have no showing at all that the board did in fact thereafter authorize or direct defendant to operate this vessel. On the contrary, it is affirmatively shown that it was in fact registered in the name of the board. While I entertained grave doubt of the competency of the registration certificate to prove ownership or management, plaintiff expressly waived this objection, and under principles recognized in Lembeck v. Shipping Board (C. C. A.) 9 F.(2d) 558, and under section 4 of the Act of June 5, 1920, I am inclined to think the registration was sufficient at least to neutralize the force of plaintiff's proof. It follows that it was error to submit the case to the jury, and also error to deny the earlier application for a new trial. See, generally, Storey v. Storey (D. C.) 221 F. 262.

Upon this ground, therefore, as well as upon the one first discussed, it is thought a new trial should be granted, and such will be the order.