## M. C. CUMMINGS v. JOEL T. PARISH.

1. PARTNERSHIP: AGENCY OF ONE PARTNER TO ACT FOR THE FIRM.—In all matters pertaining to the partnership business each partner is the agent of the firm, and may act for the firm in their common name without the consent of his associates; but this agency does not extend to transactions concluded by one member, in the firm-name, for third persons, and unconnected with the ordinary business of the association; and hence one partner has no right to execute in the firm-name a power conferred upon all the members of the firm individually by a stranger.

2. SAME: SAME: CASE IN JUDGMENT.—A deed in trust made to secure an indebtedness to a partnership provided that, in a certain contingency, "the said B. D. B. and J. T. P., partners under the style and firm-name of B. & P., parties of the third part, are hereby empowered to appoint a successor" to the trustee, "with full power to carry out the provisions of the trust." The deed in trust was executed by B. & P. in their individual names. Afterwards one of the firm, in the firm-name, appointed a successor to the original trustee:—*Held*, that the appointment was invalid, it not having been made by both partners. HANDY, J., dissented.

APPEAL from the Chancery Court of Itawamba county. Hon. Joel M. Acker, judge.

This was a bill filed by the appellee against the appellant, seeking to have certain deeds held by appellant cancelled as clouds on appellee's title. It appears from the bill that both parties claim title to the land in controversy, through one Brandon. It is alleged that Brandon sold to one D. K. Cummings, executing a bond to make title on payment of the purchase-money; that D. K. Cummings afterwards executed a deed in trust by which he conveyed the land (and other property) to one Bentley as trustee, to secure an indebtedness to Barker & Parish, and provided in the deed that in case of the death, resignation, or removal of the trustee, that Barker & Parish should have the power to appoint a successor. The particular phraseology of this deed, so far as it relates to the power of appointing a successor, together with the instrument afterwards executed in the firm-name appointing a successor, is fully set out in the opinion of the court. It appears also from the bill that the successor so appointed sold

the land in controversy in accordance with the terms of the deed, and that under this sale complainant claimed title.

The defendant below demurred to the bill, and assigned among other causes of demurrer the invalidity of the appointment of the successor to the original trustee, and the consequent nullity of the sale made by him.

The demurrer was overruled, and defendant appealed.

*M. C. Cummings* and *Houston & Reynolds,* for appellant,

Contended that the authority to appoint a successor to the original trustee was vested in Barker & Parish as individuals, and not in the firm, and that it could not be exercised except by the joint act of both.

*Haughten,* for appellee,

Insisted that the appointment was good and valid; that it was not required to be under seal; and that the act of either partner was the act of both, and therefore a sufficient execution of the power.

HARRIS, J., delivered the opinion of the court:

The only point necessary to be considered in this case is, whether the appointment of the trustee, Robert A. Shell, who sold the land in controversy to the defendant in error by virtue of such appointment, was a valid execution of the powers under the deed of trust authorizing him to execute it.

The deed of trust purports on its face to be executed between David K. Cummings of the first part, David Bentley of the second part, " and *Bailey D. Barker and Joel T. Parish, partners under the style and firm-name of Barker & Parish, parties of the third part.*"

The deed provides: "in the event of the death, removal, or resignation of said Bentley, *the said parties of the third part* are hereby empowered to appoint a successor, with full power to carry out the provisions of this trust."

The deed is signed as follows:

>                      " DAVID K. CUMMINGS,        [SEAL.]
>     " *By* M. M. CUMMINGS, *his attorney in fact.* [SEAL.]
>                      " DAVID E. BENTLEY.         [SEAL.]
>                      " BAILEY D. BARKER.         [SEAL.]
>                      " JOEL T. PARISH.           [SEAL.]"

The deed is then acknowledged by each of the signers—Bailey D. Barker and Joel T. Parish severally—and then follows this instrument of appointment:

" Whereas on the 20th day of April, 1856, David K. Cummings executed a deed of trust to David E. Bentley for the security and indemnity to Barker & Parish of certain liabilities therein set forth, in which deed of trust it was provided that in the event of the death, resignation, or removal of the said Bentley the said parties of the third part (*i. e.* Barker & Parish) are hereby empowered to appoint a successor, &c.; and whereas the said Bentley has removed from this State so that he cannot execute the said deed of trust: now, therefore, in accordance with the provision in the said deed of trust, we, the undersigned, the said firm of Barker & Parish, appoint Robert A. Shell as the successor of said Bentley; and the said Shell is hereby clothed and invested with all the powers and authority by said deed of trust (vested) in the said Bentley.

" Given under our hands and seals, this the 9th day of February, A. D. 1858.

" BARKER & PARISH.   [SEAL.]
" ——— ———                    [SEAL.]"

The question now arising is, whether *one partner* of the firm of Barker & Parish had the power under this deed of trust, by the use of the firm-name, to appoint the new trustee, Shell, or whether the deed of trust vested that authority in Bailey D. Barker and Joel T. Parish.

It is to be observed that there is a wide distinction between the rights, duties, and powers of partners, as between themselves, and in reference to third parties unconnected with the partnership. Their authorities, rights, and duties, in relation to each other, are derived from their mutual interest and mutual agency for each other in the business of the partnership; and hence in all matters pertaining to the partnership business as the authorized agent of the firm, *each partner* has the complete *jus disponendi* of the whole partnership interests; 3 Kent's Com. 49; and may therefore act for the firm, in their common name, without the consent of the other partners. Story on Agency, p. 44, sec. 37; Story on Part. 1; Smith's Merc. Law, 73; Collyer on Part. p. 188; sec. 195.

But when acting for others, and in matters not pertaining to the contracts or liabilities of the firm, nor in discharge of the

ordinary duties of their business, no such agency exists, nor can it be presumed without express authority.

We must look therefore to the terms of this deed to ascertain the intention of the parties—as well the intentions of the grantor as of the *cestui que trust*—whose rights and interests are to be committed mutually to the trustee to be appointed under the power conferred by the deed. The language of the deed is, "that in the event of the death, removal, or resignation of said Bentley, the said *parties of the third part*" shall appoint a successor, &c. The body of the deed declares that " *Bailey D. Barker and Joel T. Parish,* partners trading under the style and firm-name of Barker & Parish," are the parties of the third part. When we look to the execution of the deed it is *signed* by Bailey D. Barker and Joel T. Parish *severally,* and not as partners; and acknowledged by them, respectively, before the justice certifying its execution.

It seems clear, therefore, that the power of appointment conferred by this deed is given to " *Bailey D. Barker and Joel T. Parish,* partners trading under the style and firm-name of Barker & Parish," and not to either *one* of the firm as the agent of the other. It was vested in these two "parties" as *individuals,* and not in their partnership character, because they are so named and described, and their *partnership and firm-name* used to point out, still more specially, the *individuals* referred to.

The donation of the power being to *two* individuals *jointly* and not severally, *one* could not exercise it. It being a matter of special confidence, it was not competent for *one* to assume to execute it in the name of both, upon the ground of their general mutual agency for each other as partners. For, in executing this power, they were not the agents of each other, but the agents of Cummings, the grantor in the deed of trust, as well as the creditors secured by that deed.

The appointment having been made by *one* of two persons in whom a joint power was vested, was therefore void, and the sale made by the trustee, Shell, by virtue of this appointment also void.

It follows that the complainant in this bill did not obtain even an equity by his purchase at the sale made by this trustee, and

has nothing therefore upon which he can rely for the relief he seeks.

Let the decree be reversed and bill dismissed.

HANDY, J., dissented, as follows:

I cannot concur in the opinion of the court in this case.

The true question presented is, whether, under the pleadings in the case, the appointment of the trustee, who made the sale under which the complainant claims title, is to be considered as regular and valid to give power to the trustee to make the sale.

The bill and the deed in trust, which is made part of it as an exhibit, show, that the deed was executed by David K. Cummings to secure certain debts and liabilities due by him to Barker & Parish *as a partnership firm,* and to that end that it was signed by both parties; that among other things the deed provides, "in the event of the death, removal, or resignation of said Bentley, [the trustee named in it,] the said parties of the third part are hereby empowered to appoint a successor, with full power to carry out the provisions of the trust." The exhibit referred to in the bill as showing the appointment of the new trustee, after reciting the execution of the trust-deed and the provisions just stated, and the removal of the original trustee from this State, so that he could not execute the deed, concludes thus: "Now, therefore, in accordance with the provision in the said deed of trust, we, the undersigned, the said firm of Barker & Parish, appoint Robert A. Shell as the successor of the said Bentley," &c.; signed, Barker & Parish. [Seal.]

The bill alleges "that it was provided in said deed of trust that, in the event of the resignation or removal of the said David Bentley, the *said Barker & Parish* were empowered to appoint another trustee; that said Bentley, after partially executing said trust, removed from this State, and the said Barker & Parish, on the 9th February, 1858, did appoint Robert Shell in the place and stead of the said Bentley," &c.

These allegations and facts are admitted to be true by the demurrer; and the question is, whether, upon such a state of case, the appointment of the new trustee can be held to be invalid, because not in accordance with the power conferred in the deed

touching that point. And I think it very clear that the appointment, as stated, must be held valid.

In the first place, the appointment was made according to the substance and true spirit of the provision of the deed authorizing it.

The parties in interest to the deed were Cummings, the grantor, and *the firm* of Barker & Parish, creditors, whose debts were intended to be thereby secured. It is true, in naming the parties in the commencement of it, the individual names of the persons composing the firm are stated to be "Bailey D. Barker and Joel T. Parish;" but not acting in their individual right; for it immediately follows that they are acting in the capacity and right of "partners trading under the style and firm-name of Barker & Parish." The entire transaction was to secure debts and liabilities on account of the firm, and in that character alone did they undertake to act in the matter. Their individual names could have been mentioned, therefore, for no other reason than as a mere *description of the persons*, and to comply with a supposed technical rule requiring the names of individuals composing a firm to be stated in written contracts made in relation to the business of the firm. For the same reason, their individual names are signed to the instrument. But the purpose for which they were so signed is fully shown by the body of the deed to be solely on account of the firm; for as the purpose of the deed had relation solely to partnership concerns, their signatures to it as mere individuals would have been improper, if not ineffectual to accomplish the object intended. So also as to their individual acknowledgment of the instrument; which was a wholly useless act, and cannot properly have any effect upon the question under consideration.

The legal act which the firm of Barker & Parish were called on to do—and which it must be presumed was intended to be done—was to *accept the provisions of the deed*, and to *agree to the stipulations contained in it*. They *conveyed* nothing; and it was only necessary that they should agree to accept the security, with the terms specified. To that end alone was it necessary or proper that they should sign it; and in signing it they were merely *accepting a security for a partnership debt;* and therefore it is very

clear that it would have been perfectly competent for them to sign it by their firm-name.

Then, who are "the parties of the third part" designated in the deed? I think it clear that they were the firm of Barker & Parish, and that the power of appointment was conferred upon them as such.

If there could be any doubt upon this point, from the phraseology of the deed, it must be removed by the allegation of the bill that, by the deed, "the said Barker & Parish were empowered to appoint another trustee; which, being admitted by the demurrer, is conclusive, as the question is now presented, upon the point that the power to appoint was given *to the firm.*

It will be observed that the deed does not specify the manner in which this power of appointment is to be exercised; whether by deed, or by writing sealed or unsealed, or by parol. If, therefore, the substantial "parties of the third part" were Barker & Parish, as partners, it cannot be doubted that the appointment made by them, as shown by the pleadings, was within the power conferred by the deed. For though the instrument of appointment signed in the firm-name be invalid as a deed to bind both partners, yet, the appointment not being required to be by writing under seal, is valid because the seal may be treated as useless and as a nullity.

But another view of the subject renders it still clearer that the appointment should be held valid, as the question is now presented for consideration.

Conceding that the power was intended to be conferred upon the partners to be exercised by them jointly, and that a partner has generally no authority to bind his copartner by deed, yet if the act of appointment was by the direct authority or consent of both the partners, it was in law valid and binding as the act of both parties, though actually signed by but one of them, using the joint or firm-names of the two. Considered as the act of the partners, it is well settled that a partner may execute a deed on behalf and in the name of the firm, and that it will be valid as to him and *the other copartners by whose consent it is so executed.* Collyer on Part. sec. 465, 4th Am. ed., and cases there cited and in notes. But if it be considered as the act of the individual, it

is equally clear that, if signed by the consent of both, it would be valid as to both; and there being no mode of executing the power of appointment. prescribed in the deed, as above stated, whatever would be the valid act, upon general principles, as to the party making the appointment, would be valid in the matter contemplated by the deed. If, therefore, it was signed by one partner, in the name of both, and by the consent and in the presence of the other, it would be valid as the joint act of both, whether acting as partners or as individuals.

Now the bill alleges that "the *said Barker & Parish,* on the 9th day of February, 1858, *did appoint Robert Shell,* in the place and stead of the said Bentley," to act as trustee; and this being admitted by the demurrer, and not being negatived by any thing appearing by the exhibits, it appears to me that the conclusion is inevitable that the appointment was the act of both partners, and therefore valid under the provision of the deed, whether regarded as their act as partners or as individuals; for it is alleged to be their act, and that is admitted.

In any view of the case, as it is now presented on the pleadings, it appears to me that the validity of the appointment is clear.