UNITED STATES v. MAINE CENTRAL RAILWAY CO. (No. 1944).[1]

DUTY PAID BY MISTAKE—CLERICAL ERROR.

Merchandise came into the port of Vanceboro, Me., from New Brunswick, Canada, en route to Boston, Mass., for shipment to Cuba. The agent of the shipper (who was also the consignee) at Vanceboro, seemingly not understanding that the goods were destined for Cuba, entered them for consumption, and duty was paid. The entry was one which the broker had authority to make, and it was the entry he intended to make. Repayment of the duty may not be had.

United States Court of Customs Appeals, April 22, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42635.

Reversed.]

*Bert Hanson*, Assistant Attorney General (*Frank P. Wilson*, special attorney, of counsel), for the United States.
*Joseph F. Lockett* for appellee.

[Oral argument Mar. 27, 1919, by Mr. Hanson and Mr. Lockett.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Four carloads of potatoes shipped by Hatfield & Scott from New Brunswick, Canada, to their own order Boston, Mass., came into the United States at the port of Vanceboro, Me., at which point the potatoes were, on the 27th of February, 1917, entered for consumption by Bertram Jackman, a customs broker duly authorized to make entries for said firm. The customs broker paid the duties demanded by the collector and the goods were carried to Boston.

It appears that Hatfield & Scott intended that the potatoes should be shipped from Boston to Cuba, and that with that end in view the notation "in bond" had been made on the bills of lading. Apparently Jackman, the customs broker of Hatfield & Scott at Vanceboro, did not see the notation on the bills of lading, and therefore he entered the goods for consumption. That entry brought about the payment of duties and of course resulted in a failure to comply with the statutes and regulations for the transportation through the United States of goods intended for reexport.

On April 2, 1917, Hatfield & Scott protested to the collector of customs at Vanceboro, Me., against the payment of duties on the

---

[1] T. D. 38015 (36 Treas. Dec., 430).

ground that the goods were intended for export to Habana, Cuba, and had been entered through clerical error for consumption instead of for transportation and exportation.

The goods were received by the United Fruit Co. for shipment to Habana, Cuba, on April 7, 1917.   The Board of General Appraisers after hearing the protest came to the conclusion that it was extremely doubtful whether the merchandise had ever passed out of the control of the Government and that the entry for consumption was not the act of Hatfield & Scott, shippers and consignees.   The protest was accordingly sustained by the board and the collector was directed to treat the shipment as an entry for transportation through the United States in bond for reexport.

The consumption entry made by the customs broker was one which ought not to have been made, but it was an entry which the broker had full authority to make and it was the entry which he actually intended to make.   The most that can be said is that Jackman failed to note the instructions of Hatfield & Scott, but it can not be said that he was not acting within the scope of his authority, and neither can it be said that the entry formally made by him was not in law the act of his principal.

After goods have been entered for consumption, have paid duty, and have constructively at least entered into the commerce of the country their subsequent exportation does not entitle the importer to a repayment of duties.   To hold otherwise, we think, would violate both the spirit and the letter of the law, to say nothing of the Treasury regulations which are designed to protect the revenue.   Section 2979, Revised Statutes; Customs Regulations of 1915 (arts. 659 and 694).

The decision of the Board of General Appraisers is *reversed*.