YEE CHONG LUNG & CO. ET AL. *v.* UNITED STATES (No. 2171).[1]

1. AGENCY.

Based upon the legal proposition of qui facit per alium facit per se, it has long been the law that a protest made by an agent is in law made by the principal.

2. POWER OF ATTORNEY—CONSTRUCTION OF ARTICLE 221, CUSTOMS REGULATIONS, 1915.

Article 221, Customs Regulations, 1915, providing that "a power of attorney may be executed for the transaction of a specified part or for all of the customs business of the principal" is permissive and not mandatory. It does not require that such power of attorney must always be on file with the collector of customs in order to authorize an agent of an importer to file a protest in his behalf. Whether, if mandatory, it would be lawful, is not considered.

3. EVIDENCE, PRESUMPTION—AGENCY.

At the trial before the Board of United States General Appraisers of protests signed in a representative capacity, the authority of the signers not being challenged, will be presumed.

4. ATTORNEY AT LAW—EVIDENCE OF AUTHORITY.

In conformity with the general rule that the appearance of an attorney in court is presumptive evidence of his authority, the appearance of an attorney in good standing before the Board of United States General Appraisers, prosecuting two protests, one signed by himself as agent and the other signed by another person as agent, raises a presumption that the protests were authorized and filed by the authority of the importers.

United States Court of Customs Appeals, June 29, 1922.

APPEAL from Board of United States General Appraisers, T. D. 39123 (G. A. 8535).

[Reversed.]

· *Frank L. Lawrence* (*Thomas M. Lane, Martin T. Baldwin, Barnes, Chilvers & Halstead, Brooks & Brooks, Allan R. Brown, Churchill, Marlowe & Hines, Comstock & Washburn, Curie, Lane & Maxwell, Thomas J. Doherty, John G. Duffy, Benjamin A. Levett, Sharretts, Coe & Hillis,* and *Walden & Webster* of counsel) for appellants.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument June 6, 1922, by Mr. Lane and Mr. Lawrence.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

Paragraph N of section 3 of the tariff act of 1913, among other things, provides that the decision of the collector as to the rate and

---

[1] T. D. 39191.

amount of duties upon imported merchandise shall be final and conclusive against all parties interested therein "unless the owner, importer, consignee, or agent of such merchandise" shall file a protest or protests in writing with the collector, etc.

The two protests involved in this case were duly filed and the sufficiency thereof, except as hereinafter stated, is not challenged.

One protest was signed "Yee Chong Lung & Co. By F. L. Lawrence, atty." and the other by "Chan Ning Tong & Co. By R. C. Robinson."

Yee Chong Lung & Co. and Chan Ning Tong & Co. are the importers.

F. L. Lawrence, before the day on which these protests were filed, had been duly admitted to practice before the Board of United States General Appraisers, was then and ever since has been an attorney in good standing before said board, and was likewise admitted as an attorney of record of this court, and was and is likewise in good standing here.

In his letters transmitting the protests and other papers to the Board of General Appraisers the collector stated:

There is no power of atty. on file in the custom house at San Francisco authorizing F. L. Lawrence to sign for Yee Chong Lung & Co.

And in like manner stated there was no power of attorney on file authorizing Robinson to sign the other protest.

In due course the protests came on for hearing before the Board of General Appraisers. Thereat the said Mr. F. L. Lawrence appeared as attorney for both importers, and was so entered upon the record. Mr. Isenschmid appeared as the special attorney for the United States. The protests were heard together. Mr. Lawrence as attorney for the importers introduced evidence in their behalf, and cross-examined a witness called by the Government. The case was submitted on the testimony with time fixed by the board for filing briefs, all in ordinary course of procedure before the board. Briefs were filed by the attorneys.

Neither on trial nor in the briefs was any objection or claim made on behalf of the Government that the protests were insufficient for any reason. The board did not make any such suggestion during the trial.

In due course the majority of the Board of General Appraisers, one member dissenting, rendered its opinion that the protests were insufficient, because no proof had been given at the hearing "that the persons who signed the protests sustained the relation to the parties or merchandise mentioned in the statutes," and dismissed the same.

On the hearing of the appeal in this court the only question argued or considered is whether this conclusion of the board should or should not be sustained.

In considering this case it must not be overlooked that no claim is made by anybody that importers had not in fact given authority to Lawrence and Robinson to sign and file these protests for them. And there is no doubt that heretofore both the board and this court have considered and disposed of protests, which were assumed to be sufficient, but against which the same objections might have been made as are urged to the protests in question.

Based upon the legal proposition of qui facit per alium facit per se, it has long been the law that a protest made by an agent is in law made by the principal. Gray v. Lawrence (3 Blatch. 117; Fed. Cases, vol. 10, 1031); Wells, Fargo & Co. v. United States (7 Ct. Cust. Appls. 346; T. D. 36903) and cases there cited.

The Government argues that article 221 of the Customs Regulations of 1915, which provides in part that "a power of attorney may be executed for the transaction of a specified part or for all the customs business of the principal" was probably in the mind of the collector when he forwarded the papers to the board, and justifies the disposition made by that tribunal of this question.

Without further consideration of this phase of the case, we think it must be held that the provisions of this article are permissive and not mandatory, and do not require that a power of attorney to that effect must always be on file with the collector of customs in order to authorize an agent of an importer to file a protest in his behalf. Whether if mandatory in terms it would be lawful is not considered.

Assuming as to both protests that the question of agency was one of fact, proof of which might be made whenever challenged, and that evidently was the reasoning of the board, in view of its statement that no proof of authority to sign the protests was offered, we are of opinion, under the circumstances disclosed by this record not necessary to repeat, that the Board of General Appraisers, upon its own theory, erred in not giving to importers the opportunity to prove, if they could, authorization by them of their respective agents.

But aside from this, it has long been and now is the law of the United States that the appearance of an attorney in court for a party is evidence of his authority, or, as stated in Hill v. Mendenhall (88 U. S. 453):

When an attorney of a court of record appears in an action for one of the parties, his authority, in the absence of any proof to the contrary, will be presumed. A record which shows such an appearance will bind the parties until it is proven that the attorney acted without authority.

See also Osborn v. United States Bank (9 Wheat. 738 at 830); Aaron v. United States (155 Fed. 834); Underfeed Stoker Co. v. American Ship Windlass Co. (165 Fed. 65); Brown v. Arnold (131 Fed. 723 at 725); Treat v. Tolman (113 Fed. 892).

This last-cited case clearly points out the distinction between an attorney in fact and an attorney at law.

In the case at bar Mr. Lawrence has appeared as attorney for the importers and conducted for them the litigation of the issues raised by the protests. Applying the rule of the cases last-above cited, it must be presumed that he had authority so to do. The importers by him have recognized the protests as theirs, prosecuted the same before the board, and tried the issues made thereby. From all this it must, at least prima facie, be presumed that the protests were authorized and filed by the authority of the importers.

The Board of General Appraisers is a judicial tribunal with records. It has adopted rules for the admission, enrollment, and disbarment of attorneys practicing before it. Undoubtedly it intends to accord, and should accord, such attorneys the rights, privileges, and authorities with which attorneys in other courts are presumed to be invested.

The issues raised by the protests as to the classification of the merchandise were litigated before the board, but although intimating its views upon the same, it did not decide them. For that reason the case must be remanded.

The judgment of the Board of General Appraisers is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.