## UNITED STATES *v.* F. L. KRAEMER & Co. (No. 3253)[1]

United States Court of Customs and Patent Appeals, February 21, 1930

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.
*Siegel & Mandell* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument December 5, 1929, by Mr. Ryan and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This case, in the trial below and here, involves many different issues and legal questions, but, as we view it, it is only necessary for us to decide one issue: Should the protest have been dismissed on the ground that it was not authorized by, nor in compliance with, the terms of section 514 of the Tariff Act of 1922, which authorizes the "importer, consignee, or agent of the person * * * filing such claim for drawback," to file a protest in writing?

---

[1] T. D. 43879.

In brief form the material facts necessary for the presentation of the question are that Sidney Blumenthal & Co. (Inc.) was the owner of certain velvets, remanufactured, which were later exported and formed the basis of a drawback claim. The notices of intent to export were signed by Sidney Blumenthal & Co. (Inc.), by Charles P. Kraemer in some instances, and by Sidney Blumenthal & Co. (Inc.), by another in other instances, while the protest was in the name of F. L. Kraemer & Co., by Siegel & Mandell, attorneys.

The collector refused drawback and in his report stated that the goods were "exported more than three years from the date of importation" and also called attention to the fact that the entry was made in the name of Sidney Blumenthal & Co. (Inc.), while the protest was in the name of F. L. Kraemer & Co., and cited section 514 of the Tariff Act of 1922.

At the trial below the Government moved to dismiss the protest on the ground that the same was not made and filed by the party in interest. The court below, one justice dissenting, held that the protest could legally be signed by the principal or by the agent, and that agency could be proved at the trial, and that the introduction in evidence of a power of attorney executed by Sidney Blumenthal & Co. (Inc.), appointing F. L. Kraemer its agent, was sufficient proof of the agency of F. L. Kraemer & Co. (a partnership composed of F. L. Kraemer and Charles P. Kraemer) to act for the principal, Sidney Blumenthal & Co. (Inc.). In the majority opinion we find the following:

The statutes of the United States governing the payment of drawback and the filing of protest declare that action may be brought by one even though upon its face there is not any indication he is the owner. The fact of agency may be established on the trial. This was done in the present case. That F. L. Kraemer & Co. are the agents of Sidney Blumenthal & Co. (Inc.), is without doubt. Therefore they were justified in bringing the action in their name, and the result of the judgment, either for or against, binds Sidney Blumenthal & Co. (Inc.) and the plaintiffs.

In fact section 313 in very clear terms states that the drawback "shall be paid to the manufacturer, producer, or exporter, *the agent of either*," etc. [Italics quoted.]

The question as to whether or not the agent of a principal has the right to protest in the agent's name or whether he must protest in the name of the principal by himself as agent is not before us, since, as we view the case, this record does not show the agency of F. L. Kraemer & Co., and it is admitted that F. L. Kraemer & Co. is not the "person" authorized to file the claim for drawback. One of the agents appointed by Sidney Blumenthal & Co. (Inc.) for the purpose of filing protests was F. L. Kraemer. He did not sign the protest. The name of F. L. Kraemer & Co. was signed by Siegel & Mandell, attorneys.

It is argued here that the record shows that F. L. Kraemer and Charles P. Kraemer were the only members of the firm of F. L. Kraemer & Co. (this is conceded), and that this record discloses that both of them in their individual capacity were made agents, and that the signing of the partnership name was an exercise of the authority granted to each of the partners individually.

If the record showed these facts, we would then be called upon to decide whether the partnership, Doe & Roe, can in their firm capacity discharge a trust made to John Doe and Richard Roe or either of them as individuals. See *Cummings* v. *Parish*, 39 Miss. 412.

For the purposes of deciding this case it is not necessary to pass upon this question, since it is not shown that Charles P. Kraemer was ever the agent of Sidney Blumenthal & Co. (Inc.) for the purpose of filing protests. His name does appear below the name of Sidney Blumenthal & Co. (Inc.) on some of the seven notices of intent to export. It may be that we may presume from this fact that he was the *agent* of Sidney Blumenthal & Co. (Inc.) for certain purposes (see *Yee Chong Lung & Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 382, T. D. 39191), but, in the absence of proof showing that the scope of his agency was broad enough to authorize him to file the protest, and in the absence of any state of facts from which we might presume that he was so authorized, and in the presence of a record which fully discloses that Sidney Blumenthal & Co. (Inc.) in very definite terms did authorize and employ certain other persons to perform that function, we are not at liberty to conclude that Charles P. Kraemer was the agent of Sidney Blumenthal & Co. (Inc.) for protest purposes.

The appointment of "F. L. Kraemer, of F. L. Kraemer & Co.," as agent was not the appointment of F. L. Kraemer & Co. The appointment of one member of a partnership firm is not the appointment of the firm (unless the appointment of the firm was intended), and the firm, acting as such, can not perform the duty delegated to the individual. This fundamental principle in agency and partnership law seems to be so rudimentary that it has rarely been questioned in or discussed by the courts of this country. The English case of *Edmiston* v. *Wright*, 1 Campb. 88, 170 Reprint 886, is grounded upon this principle. See also 47 Corpus Juris 850, section 314.

Regardless of the fact that, in the absence of anything indicating the contrary in this court, the signer of a protest will be presumed to be the proper party under the law, the signing of a protest, without the capacity in which the signer acts being disclosed, is a practice which, for obvious reasons, is not to be commended. While proof of agency can be made at the trial, it is the better practice for one who purports to act as agent in signing documents, in important matters of the kind involved here, to disclose in the document the capacity in which he acts.

It follows from the foregoing that it is not shown in the record before us that the "person * * * filing such claim for drawback" or the agent of such "person * * * filing such claim for drawback" filed any protest in this case, and the same should have been dismissed.

The judgment of the United States Customs Court is *reversed*.

LENROOT, Judge, concurring:

I concur in the conclusion of the majority of the court because I understand the effect of its opinion to be that there must be proof of either a specific authority to sign the protest, or of a general agency sufficiently broad in scope to include the signing of protests; or, in the absence of either, a ratification by the principal whom the agent purports to represent of the specific act of signing the protest. I construe this to be the effect of the opinion from the following complete statement of the facts, not fully set forth in the majority opinion:

The protest was signed "F. L. Kraemer & Co., By Siegel & Mandell." It is conceded that Siegel & Mandell were the duly authorized attorneys of Kraemer & Co. There was offered and received in evidence a power of attorney executed by Sidney Blumenthal & Co. (Inc.), appointing F. L. Kraemer its agent, with express power to sign protest on behalf of the principal. It is stipulated that F. L. Kraemer & Co. is a copartnership, consisting of F. L. Kraemer and Charles F. Kraemer. The files show that Charles F. Kraemer, the other copartner, signed five notices of intent to export, in the following manner: "Sidney Blumenthal & Co. (Inc.), by Charles F. Kraemer, Attorney," said notices describing a portion of the merchandise upon which the drawback is here claimed. Subsequent to the filing of the notices of intent to export, a drawback entry was filed on November 20, 1927, in the name of Sidney Blumenthal & Co. (Inc.), and verified by its assistant treasurer and superintendent. The caption of the entry is as follows: "Entry for Drawback on merchandise exported under Notice of Intent to export by Sidney Blumenthal & Co., Inc.," and following, each of the notices of intent to export signed by Charles F. Kraemer for Sidney Blumenthal & Co. (Inc.) is referred to by number. This clearly constituted a recognition of the agency of Charles F. Kraemer, with power to sign the notices of intent to export. The proof also shows that upon nearly all of the papers in the file is found the rubber stamp:

F. L. Kraemer & Co.
Customs & Freight Brokers,
16–18 Bridge Street,
Bowling Green 2748,
New York, N. Y.

We have, therefore, in this case an express authorization of one member of the partnership to sign the protest in question, a recog-

nition of the agency of Charles F. Kraemer, the other copartner, to sign the notices of intent to export required by the regulations of the Treasury Department, and the rubber stamp of F. L. Kraemer & Co. appearing on various papers on file throughout the case.

If authority to sign a protest could ever be presumed from specific acts not connected with the protest, I think it exists in this case; but I believe it to be a correct rule that there must be specific authority shown, either by proof of general agency or specific authority to sign the protest, or ratification as above indicated, in order to constitute a valid protest.