No. 54403.—Air Express International Agency, Inc. *v.* United States, protest 132006–K (Tampa).

EKWALL, Judge:   Plaintiff herein claims that duty which was assessed on 90 alarm clocks should be refunded for the reason that said clocks were exported under customs supervision.   The collector assessed duty at the rate of $1 each, plus a tax of 65 percent ad valorém and 3 cents per pound, as being in chief value of copper, under paragraph 368 of the Tariff Act of 1930 and I. R. C. 3425.

At the trial held at the port of Miami counsel entered into the following stipulation:

\* \* \*   The merchandise herein consists of alarm clocks imported from Switzerland, 7 cases of alarm clocks, each containing 100 clocks.   These alarm clocks were entered for warehouse on August 30, 1946.   The importer, National Silver Company, filed a warehouse withdrawal on August 30, 1946, covering one case of alarm clocks.   Subsequently, and after the case was withdrawn, on examination by Customs officials, the clocks were found to be improperly marked in accordance with paragraph 368 and Section 304 as amended, of the Tariff Act, and the importer was notified to return the clocks.   On September 4, 1946, the Collector sent a notice on Form 4647 to the importer for the return of the clocks, advising that the importation had to be legally marked in a conspicuous place, as required by law, or exported or destroyed.   Thereafter, on September 13, 1946, the importer returned 90 of 100 clocks which had been withdrawn, and thereafter the 90 clocks were exported under Customs supervision.

It was further agreed that no marking duty was imposed and that the sole question in issue is whether the 90 clocks are subject to duty.

Section 558 (b) of the Tariff Act of 1930, as amended by section 24 of the Customs Administrative Act of 1938 (T. D. 49646; 19 U. S. C. 1940 ed. § 1558 (b)), is in the following language:

(b) When articles are exported or destroyed under customs supervision after once having been released from customs custody, as provided for in subsection (c) of section 1304 of this title, such exportation or destruction shall not exempt such articles from the payment of duties other than the marking duty provided for in such subsection (c).

No briefs have been filed. Plaintiff contends in its protest that the goods were in customs custody in that they were covered by a warehouse bond. Inasmuch as the case of clocks here involved was withdrawn from warehouse for consumption and delivered to the importer this contention is without merit.

The statute is plain and unambiguous, and we find no facts in the case as presented which would entitle the plaintiff to the relief claimed. See *Franklin Sugar Refining Company v. United States*, 202 U. S. 580, 50 L. ed. 1153; *Illinois Central Railroad Co.* v. *United States*, 2 Cust. Ct. 422, C. D. 168; *United States* v. *Maine Central Railway Co.*, 9 Ct. Cust. Appls. 192, T. D. 38015.

The protest is overruled. Judgment will be rendered for the defendant.